J-S25002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GLENN HICKS, | |
| Appellant | No. 1827 WDA 2013 |

Appeal from the PCRA Order Entered November 6, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006075-2009

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 03, 2015**

Appellant, Glenn Franklin Hicks, appeals *pro se* from the November 6, 2013 order dismissing his petition for relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court set forth the following factual and procedural history of Appellant's case:

> [Appellant] was charged with Involuntary Deviate Sexual Intercourse [(IDSI)] with a Child, Aggravated Indecent Assault of a Child, Endangering the Welfare of a Child, Indecent Assault of a Person under 13 Years of Age, Indecent Exposure and Corruption of Minors in relation to a series of incidents that occurred with his girlfriend's granddaughter, then age 9.  On [April 28,] 2011, [Appellant] appeared before this Court and, pursuant to a plea agreement with the Commonwealth, pled guilty to one (1) count of IDSI with a Child, Aggravated Indecent

_____

[*] Retired Senior Judge assigned to the Superior Court.

Assault, Endangering the Welfare of a Child and Corruption of Minors.[1] Pursuant to the agreement the remaining charges were withdrawn and an agreement for sentence was reached, to be imposed following a Sexually Violent Predator [(SVP)] evaluation.

On April 11, 2011, the Sexual Offenders Assessment Board returned its evaluation in which it indicated that [Appellant] met the criteria of a[n] [SVP]. The Commonwealth then petitioned for a[n] [SVP] Hearing which was held before this Court on June 30, 2011 and continued on July 7, 2011. At the conclusion of that hearing, this Court made findings of fact on the record, determined that [Appellant] was a[n] SVP and entered an Order to that effect. This Court then sentenced [Appellant] to a term of imprisonment of five (5) to twenty (20) years, pursuant to his plea agreement. The judgment of sentence was affirmed by the Superior Court on September 7, 2012. [*Commonwealth v. Hicks*, 60 A.3d 846 (Pa. Super. 2012) (unpublished memorandum).] No Petition for Allowance of Appeal was filed.

No further action was taken until July 23, 2013, when [Appellant] filed a *pro se* [PCRA] Petition. Scott Coffey, Esquire[,] was appointed to represent [Appellant], but he later filed a *Turner*[*/Finley*][2] "no merit" letter and sought permission to withdraw. After reviewing the record in its entirety[,] this Court permitted Mr. Coffey to withdraw and gave notice of its intent to dismiss the Petition. [Appellant filed a *pro se* response, arguing that Attorney Coffey acted ineffectively in several regards]. On November 4, 2013, the Petition was dismissed without a hearing.

_____

[1] On January 24, 2011, Appellant entered a plea of *nolo contendere* that was accepted by the court. After entering that plea, however, Appellant sent the trial court a letter that left "some question in [the judge's] mind as to whether or not [Appellant] was admitting or denying the charge[s]." N.T., 4/28/11, at 2. Accordingly, the court permitted Appellant to withdraw his *nolo contendere* plea. *Id.* Appellant then appeared before the court for a second time on April 28, 2011, and entered a guilty plea.

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

PCRA Court Opinion (PCO), 4/4/14, at 1-2.[3]

Appellant filed a timely notice of appeal, as well as a timely Rule 1925(b) statement.[4] On appeal, he presents four issues for our review:

1) [Appellant's] plea was unknowingly, unintelligently, and involuntarily entered.

2) Plea counsel was ineffective for failing to object to the unknowingly, unintelligently and involuntary plea.

3) Direct appeal counsel, and PCRA counsel were ineffective for failing to raise the issue, that [Appellant's] plea was unknowingly, unintelligently and involuntarily entered.

4) [The] PCRA court did abuse it's [sic] dicretion [sic] and/or commit an error of "law" in denying [Appellant's] request for PCRA[] relief where the [record] clearly demonstrates

_____

[3] As the PCRA court notes in its April 4, 2014 opinion, it initially filed an opinion on January 13, 2014,

indicating that [Appellant] had failed to file a [Pa.R.A.P. 1925(b)] Concise Statement of [Errors] Complained of on Appeal. Thereafter, [Appellant's] Concise Statement was found in the Clerk of Courts Office, never having been forwarded to [the PCRA] Court. Since [Appellant] had properly filed his Concise Statement in compliance with [the] Court's Order of November 18, 2013, [the PCRA] Court [] prepared [an] Amended Opinion[, issued on April 4, 2014,] to address his claims.

PCO at 2 n.7.

[4] The PCRA court ordered that Appellant's Rule 1925(b) statement be filed by December 9, 2013. Appellant's *pro se* statement, which was hand-dated December 2, 2013, was not docketed until January 3, 2014. Nevertheless, we will consider Appellant's Rule 1925(b) statement as being timely filed because the PCRA court indicates (as set forth in footnote 2, herein) that the Clerk of Courts may have misplaced that document prior to docketing it.

[Appellant's] plea was[] unknowingly, unintelligently and involuntarily entered; thus all counsel were ineffective.

Appellant's Brief at 4 (unnumbered; unnecessary capitalization omitted).

Before addressing Appellant's issues, we note that "[o]ur standard for reviewing PCRA orders is to determine whether the court's rulings are supported by the record and free of legal error." ***Commonwealth v. Miner***, 44 A.3d 684, 688 (Pa. Super. 2012) (citation omitted). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Id.*** (citation omitted).

Appellant has failed to meet this burden in the present case. In Appellant's *pro se*, hand-written brief, he sets forth a 24-page argument section that is not divided into any distinct issues as mandated by our Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part -- in distinctive type or in type distinctively displayed -- the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Moreover, the substance of Appellant's argument is extremely confusing. From what we can ascertain, he is primarily averring that he is innocent, yet he entered a guilty plea because of the inadequate representation of his plea counsel. Specifically, Appellant avers that plea counsel told him that if he accepted the "plea deal of 5 to 20 years," he would "do two and one half years, then [he would] be home." Appellant's Brief at 3 (internal quotation marks

omitted). Appellant also claims that plea counsel (1) never met with him; (2) did not explain to Appellant the written plea colloquy that he signed; (3) conspired with the Commonwealth and abandoned him; and (4) was unprepared to represent him. Finally, Appellant briefly contends that his direct appeal and PCRA attorneys were ineffective for not challenging the validity of his plea on direct appeal and/or in an amended PCRA petition.

As this Court has repeatedly stated,

> [t]o plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. **Commonwealth v. Chmiel**, 612 Pa. 333, 30 A.3d 1111, 1127 (2011).

**Commonwealth v. Rykard**, 55 A.3d 1177, 1189-1190 (Pa. Super. 2012).

Here, Appellant makes no attempt to argue how his claims of plea, appellate, and PCRA counsels' ineffectiveness meet the above-stated prongs. Instead, he simply reiterates throughout his brief that he is innocent, and that his plea counsel essentially compelled him to enter an involuntary, unknowing, and/or unintelligent guilty plea. However, the record of Appellant's plea proceeding belies this claim. As the PCRA court emphasizes, Appellant

> completed a [written] plea colloquy where he indicated that he understood his right to a trial, that he did not suffer from any mental illness that would affect his ability to understand his rights or the voluntary nature of his plea, and that he had gone over the terms of the plea with his attorney and was satisfied with her services.

PCO at 3. Additionally, in the written plea colloquy, Appellant indicated that no one, including his attorney, promised him anything in exchange for entering his plea. *See* Written Colloquy, 4/28/11, at 8.

Then, at the plea proceeding, the court explained the charges to which Appellant was pleading guilty, the elements of those offenses, and the maximum sentence Appellant faced for each crime. N.T. at 4-5. Appellant stated that he understood the charges against him. The Commonwealth then summarized the facts of the case. *Id.* at 5-6. At the close of that recitation, the court asked Appellant if he was "pleading guilty because [he is] guilty[,]" to which Appellant replied, "Yes, Your Honor." *Id.* at 7. Appellant then stated that he read and understood the written plea colloquy. *Id.* at 7. Finally, and most notably, the court asked Appellant if he was "satisfied with the services of [his] attorney[,]" and Appellant replied, "[y]es." *Id.*

Nothing in the record of the April 28, 2011 colloquy suggests that Appellant's plea was unknowing, unintelligent, or involuntary. Moreover, at no point during that proceeding (or in his written colloquy) did Appellant raise the complaints about his plea counsel's representation that he proffers herein, or indicate that his counsel convinced him to plead guilty by promising that he would serve a reduced sentence. We also emphasize that the April 28, 2011 guilty plea was the *second* time Appellant entered a plea agreement to charges in this case. He was initially permitted to withdraw

his January 24, 2011 plea of *nolo contendere*, yet chose to again stand before the court and admit his guilt on April 28, 2011. His belated assertion of innocence on appeal to this Court does not convince us that his plea was unknowing, unintelligent, or involuntary, or that his plea counsel acted ineffectively. Additionally, Appellant's direct appeal and PCRA counsels cannot be deemed ineffective for failing to raise a meritless challenge to the validity of his plea, and/or a challenge to the adequacy of plea counsel's representation. **See Commonwealth v. Pursell**, 724 A.2d 293, 304 (Pa. 1999) ("[I]t is axiomatic that counsel will not be considered ineffective for failing to pursue meritless claims.").

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/3/2015